## AFFIDAVIT FOR CRIMINAL COMPLAINT

I, Rolando, a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations hereinafter referred to as HSI being duly sworn, depose and state as follows:

## BACKGROUND

1. I am a Special Agent of the United States Department of Homeland Security, Homeland Security Investigations and have been so employed since April 29, 2007, currently assigned to the HSI Arecibo Office in Puerto Rico (PR). I graduated from the Criminal Investigator Training Program and the Immigration and Customs Enforcement Special Agent Training at the Federal Law Enforcement Training Center in Glynco, Georgia. I have received training and have participated in criminal investigations into unlawful importation, possession with intent to distribute, distribution of controlled substances, the laundering of monetary instruments, monetary transactions in property derived from specified unlawful activities and the associated conspiracies to commit such crimes. I have also received training and have participated in criminal investigations, including investigations relating to financial investigations, Human Smuggling and Child Exploitation, among others.

2. As Special Agent, my job and responsibilities include conducting investigations of alleged manufacturing, distributing or possession of controlled substances (21 U.S.C. 841 (a) (1), importation of controlled substances (21 U.S.C. 952 (a), smuggling of goods into the United States (18 U.S.C. 545). My duties also include the enforcement of Immigration and Nationality Laws and regulations to identify, locate, apprehend, and prosecute those individuals involved in the organized smuggling of aliens across the borders into the

United States.

3. Because this Affidavit is submitted for a limited purpose, I have not included details of every aspect of this investigation. I am thoroughly familiar with the information contained in this Affidavit, either through personal investigation or through discussions with other law enforcement officers who have interviewed individuals or personally have obtained information, which they in turn have reported to me.

## INVESTIGATION

4. On April 15, 2025, HSI Arecibo agents received information from a reliable source of information (SOI) regarding a subject who is a national from the Dominican Republic who has multiple immigration cases with deportations. The SOI was able to take the HSI agents to the residence where the subject lives in Vega Baja, Puerto Rico.

5. HSI agents were able to identify the subject as Luis Manuel DOMINGUEZ, a national from the Dominican Republic with alien number 200-093-495. Furthermore, HSI agents obtained information from the ICE-HSI databases that confirmed that the subject has two criminal convictions with removal from the United States in the U.S. District Court of Puerto Rico under criminal case numbers 3:12-CR-45 (ADC/MEL) and 3:13 CR. 0449-01 (ADC), respectively.

6. In criminal case 13-449 (ADC), DOMINGUEZ pled guilty to 8 U.S.C.§1326 (a)(2) pursuant to a plea agreement on August 2, 2013. On December 17, 2013, he was convicted in the United States District Court for the District of Puerto Rico and sentenced to time served.

7. On or about January 10, 2014, DOMINGUEZ was removed from the United States to the Dominican Republic. The last judgment of conviction, dated December 17, 2013, stated

that the defendant shall remain outside the United States and all places subject to its jurisdiction unless prior written permission to reenter is obtained from the pertinent legal authorities.

8. HSI conducted an immigration inspection on DOMINGUEZ to determine his admissibility and it was determined that DOMINGUEZ was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document, and a valid unexpired passport, or other suitable document, or document of identity and nationality to be enter, pass through, or remain in the United States. HSI SAs determined that DOMINGUEZ is inadmissible to the United States.

9. Once the HSI agents learned that the subject was in Puerto Rico, they used surveillance and identification to confirm that DOMINGUEZ was physically in the United States and had reentered after the last removal date mentioned earlier.

10. On April 30, 2025, HSI agents, along with US Marshals (USM) and following the executive order Protecting the American People Against Invasion, initiated surveillance at the DOMINGUEZ's residence and observed that he boarded his vehicle. HSI and USM intercepted the vehicle when he picked up two subjects seen by the agents in previous surveillances. Without valid immigration documents, Luis Manuel DOMINGUEZ could not legally enter or remain in the United States legally.

11. Based upon my training, experience, and facts concerning this investigation, I respectfully submit that there exists probable cause exists to demonstrate the commission of a violation of federal law by the above-mentioned subject, to wit, a violation of Title 8, United States Code, Section 1326(a) and (b)(1); Reentry of removed alien subsequent to a felony conviction.

_____
Special Agent Rolando Rojas
Homeland Security Investigations

Subscribed and sworn to before me pursuant to FRCP 4.1 this 30th of April of 2025 at 1:21pm.

_____
Hon. Marshal D. Morgan
United States Magistrate Judge
District of Puerto Rico