# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>　　Plaintiff,<br><br>v.<br><br>**LUIS MANUEL DOMINGUEZ,**<br>　　Defendant. | CRIM. NO. 25-mj-425 (MDM) |

## ORDER OF RELEASE

Pending before the Court is the Government's *ore tenus* motion to detain the defendant, Luis Manuel Domínguez, (the "defendant"), without bail pending trial, pursuant to Title 18, *United States Code*, Sections 3142(f)(2)(A). For the following reasons, the Court **DENIES** the Government's motion to detain, and **GRANTS** defendant's request for release under certain conditions.

On April 30, 2025, a criminal complaint was filed against the defendant charging him with one count of illegal reentry by a removed alien subsequent to a felony conviction, in violation of 8 U.S.C. §§ 1326(a) & (b)(1) (the "Complaint"). *See* Docket No. 1.

On May 5, 2025, the Court held a bail hearing. After hearing from the parties, the Court took the issue of bail under advisement. *See* Docket No. 9.

In support of its request for detention, the Government proffered that the defendant lacks any legal status to be in the United States and that he has a prior conviction for illegal reentry as well as a prior misdemeanor conviction for illegal entry, in violation of 8 U.S.C. § 1325(a).

The defendant, meanwhile, proffered that he is a 39-year-old native of the Dominican Republic, who is married to Ms. Yahaira Rivera-Concepción, a U.S. Citizen and resident of Vega Baja (*see* address of record). *See* Docket No. 8. The defendant and Ms. Rivera-Concepción have been married since January 12, 2019. Ms. Rivera-Concepción volunteered that she is self-employed as a nail technician. Together they have not procreated any children, however,

Ms. Rivera-Concepción reported having two (2) children of her own, both of whom are adults. According to Ms. Rivera-Concepción, she and the defendant met in Barrio Obrero between September and October 2016. *Id.*

The defendant volunteered that he previously sustained a consensual relationship with Ms. Andreina Bueno, a Dominican National, with whom he procreated Joandy Manuel Domínguez Bueno, age 15, and Victor Luis Domínguez Bueno, age 11, both of whom are residents of Samana, Dominican Republic. The defendant stated that he financially supports all his children. *Id.*

The defendant reported residing at the address of record for the past ten (10) years. The residence is leased under his wife's name, but he is the one who pays the rent and the household expenses. *Id.*

The defendant is in good mental and physical health, and in a urinalysis, he tested negative for the presence of all drugs. No other substance abuse issues were reported. *Id.*

Given all of the above, especially the defendant's length of time in Puerto Rico, his close family ties to this district, and the lack of other concerning red flags, the Court finds that the Government has not met its burden by a preponderance of the evidence to demonstrate that the defendant represents a serious risk of flight such that reasonable conditions of release cannot be duly fashioned.

Accordingly, the Government's motion for detention is **DENIED**, and the defendant's motion for release is **GRANTED**. The defendant shall be released under the following conditions of release:

> (1) He must not violate federal, state, or local law while on release.
>
> (2) He must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.
>
> (3) He must advise the Court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.
>
> (4) He must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

Case 3:25-mj-00425-MDM    Document 14    Filed 05/14/25    Page 3 of 4

Order of Release                                                                                          Page | 3
Crim. No. 25-mj-425 (MDM)

(5) He shall execute an unsecured bond binding him to pay the United States **the sum of $10,000 dollars** in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

(6) He shall be released under home detention with an **electronic monitoring device** ("EMD"). The modality of the EMD and the scheduling of home detention shall be left to the discretion of the U.S. Probation Officer in charge of defendant's supervision.

(7) **In addition to home detention with an EMD, the defendant will be placed under the custody of his wife, Ms. Yahaira Rivera-Concepción** (pending qualification by the USPO). He shall further reside with Ms. Rivera-Concepción at the address of record in Vega Baja, PR**.**

To be qualified to serve as a third-party custodian ("TPC"), Ms. Rivera-Concepción must agree to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the Court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Defendant's release is **NOT** conditioned on his wife being qualified to act as a TPC.

(8) The defendant shall:

(a)  submit to supervision by and report for supervision to the U.S. Probation Office;

(b)  **surrender any passport to the U.S. Probation Office PRIOR TO HIS RELEASE,** if it has not already been done;

(c)  not obtain a passport or other international travel document;

(d)  abide by the following restrictions on personal association, place of abode, or travel. He shall reside with his wife at the address of record in Vega Baja, PR. (He shall not leave the jurisdiction of this District without first obtaining written permission from the Court);

(e)  he shall not *knowingly* associate with anyone under indictment or any felons;

Case 3:25-mj-00425-MDM   Document 14   Filed 05/14/25   Page 4 of 4

Order of Release  
Crim. No. 25-mj-425 (MDM)

Page | 4

  (f) refrain from possessing a firearm, destructive device, or other dangerous weapons;

  (g) refrain ( ) any ( X ) excessive use of alcohol;

  (h) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. Section 802, unless prescribed by a licensed medical practitioner;

  (i) report as soon as possible, to the U.S. Probation Office or the Supervising Officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop;

  (j) Exception: The Chief U.S. Probation Officer or his designee, may authorize temporary changes of address and overseas travels to the mainland U.S. only, not exceeding 15 calendar days, provided the U.S. Attorney has no objection to it. If objected, request will have to be made in writing to the Court;

  (k) shall not enter any airport or pier with the EXCEPTION stated above.

**IT IS SO ORDERED.**

Executed in San Juan, Puerto Rico, this 14th day of May 2025.

        s/Marshal D. Morgan  
        MARSHAL D. MORGAN  
        United States Magistrate Judge